## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PATRICK QUINTANA,

       Plaintiff,

vs.                                     No. CIV 18-0233 JB/GJF

CORE CIVIC (C.C.A.); BETTY JUDD; FNU
LNU SECURITY STAFF; CENTURION
L.L.C. MEDICAL STAFF; FNU LNU
MEDICAL STAFF; DENISE LNU MEDICAL
STAFF NURSE and FNU LNU ALL STAFF
MEMBERS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Patrick Quintana's Civil Rights Complaint Pursuant to 28 U.S.C. § 1983, filed March 9, 2018 (Doc. 1)("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted. The Court also will grant Quintana leave to file an amended complaint within thirty days of this Memorandum Opinion and Order's entry.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time that Quintana filed the Complaint, he was a prisoner incarcerated at the Cibola County Correctional Facility in Grants, New Mexico. See Complaint at 1. The Complaint alleges: (i) "[t]here ha[ve] been many injuries to inmates by Centurion LLC Medical Staff and the record of their actions continues to grow not to mention their intentional (3) deaths from 9-20-17 to 11-18-17"; and (ii) "[a]ll of George Unit Staff along with Medical Staff are part of inmates intentional mistreatment by not allowing the proper medical procedures  and medical treatments to be provided which also helped cause (3) deaths done by both Core Civic and [Centurion] LLC

Medical Staffs."  Complaint ¶¶ A(2)-(3), at 1-2.  In support of his individual claims, Quintana

alleges that he is diabetic, that he had a hypoglycemic attack in his pod, and that Nurse Denise

gave him one-half of a tube of glucose, but Denise did not "C.B.G. with the glucose monitor and

just left me to suffer."  Complaint ¶ B(1), at 2.  Quintana alleges that Denise did not follow medical

procedures, but instead followed the orders of Core Civic security staff members.  See Complaint

¶ B(1), at 2.

> Quintana raises three counts in his Complaint:

> > Count I.  Medical Nurse (Denise) denied me proper medical treatment
> > because she was order not to by Core Civic Security C.O.s Malicious & Callous
> > indifference to inmates medical needs with "Evil intent":  They all need to be
> > charged as "persons."

> > . . .

> > Count II.  Medical Staff was already well aware of my medical conditions/as
> > the same with all of George Unit Staff Members/as the same with [Centurion] LLC
> > l Medical Providers all staff members knowingly did wrong and need to be charged
> > as "persons."

> > . . .

> > Count III.  All Staff members here at Core Civic are liable for (3) wrongful
> > deaths and for trying to cover these deaths up Core Civic has been under the
> > signature of C.C.A. for the last (40) years.  Their death and injuries to inmates rate
> > in the thousands and the courts are aware of many of these cases here in New
> > Mexico alone (Grants) with all the same "persons."

Complaint ¶¶ C(1)(A)-(C), at 3-4.  In his prayer for relief, Quintana requests:

> > $1,800 a day for everyday I've spent here suffering under said
> > circumstances.  I want all Core Civic Staff Members charged tried and convicted
> > to the fullest.  $5,000 from each Core Civic Member for Malice and Callouse
> > indifference actions/or inactions.  [Centurion] Medical Staff to all be charged tried
> > and convicted with all their lisenses barred never to work in the medical field to
> > hurt another human being.

Complaint ¶ E(1), at 5.  In an attachment to the Complaint, Quintana alleges that his hypoglycemic

event occurred on February 28, 2018, and that, when Denise began to administer the one-half tube

of glucose, Quintana became verbally and physically uncooperative and abusive.  See 2-28-18

Attachment at 7, filed March 9, 2018 (Doc 1)("Attachment").  The Attachment states that, on

March 1, 2018, when Quintana returned from "Workers Reck," he was in the "pm med line" and,

when he got his medications, he tried to speak to Nurse Denise and apologize for being rude during

his hypoglycemic attack.  Attachment at 7.  In the Attachment, Quintana alleges that Denise told

him that he is not diabetic and does not take insulin, and there was nothing wrong with him.  See

Attachment at 7.  In the Attachment, Quintana alleges that Ms. Platero was on duty and was present

when Denise told him there was nothing wrong with him.  See Attachment at 7.

Since the filing of his Complaint, Quintana has submitted sixteen supplements, appendices,

notices, and letters.    See  Appendix/Supplement,  filed  April  24,  2018  (Doc.

8)("Appendix/Supplement I"); Notice of Order of Cease and Desist, filed April 30, 2018 (Doc. 9),

Relief Appendix/Supplement, filed May 4, 2018 (Doc. 10); Appendix/Supplement, filed May 9,

2018 (Doc. 11)("Appendix/Supplement II"); Accountant Representative Letter, filed May 21,

2018 (Doc. 12); Letter, filed May 25, 2018 (Doc. 14)("Letter I");  Letter, filed June 4, 2018 (Doc.

15) ("Letter II");  Letter, filed June 13, 2018 (Doc. 17)("Letter III"); Letter, filed June 22, 2018

(Doc. 18)("Letter IV"); Notice of New Relief, filed July 2, 2018 (Doc. 19);  Appendix/Supplement,

filed  August  1,  2018  (Doc.  21);  Appendix/Supplement,  filed  August  21,  2018  (Doc.

23)("Appendix/Supplement  III");  Amendment  Letter,  filed  October  10,  2018  (Doc.

26)("Amendment Letter I"); Amendment Letter, filed October 12, 2018 (Doc. 27) ("Amendment

Letter II"); Amendment Letter, filed October 26, 2018 (Doc. 28)("Amendment Letter III"); Notice

of Change of Address, filed November 16, 2018 (Doc. 30).  In his subsequent filings, Quintana

raises a variety of issues, including a claim that, on April 21, 2018, Platero was rude to him and,

although he did get his medications, she attempted to make him leave without getting them, see

Appendix/Supplement I at 1, and an allegation that a Dr. Deming is trying to wean him off of glucose and he wants his medications restarted, see Notice of New Relief at 1-2.  Last, Quintana also notified the Court that he is no longer incarcerated at the Cibola County Correctional Facility, in Grants, New Mexico but, instead, is now housed at the Guadalupe County Correctional Facility, Santa Rosa, New Mexico.  See Notice of Change of Address at 1.

## LAW REGARDING DISMISSALS FOR FAILURE TO STATE A CLAIM

Plaintiff Quintana is proceeding pro se and in forma pauperis.  See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(B), and to Make Payments or Show Cause, filed March 30, 2018 (Doc. 6).  The Court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted either under Rule 12(b)(6) of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), a court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted.  See 28 U.S.C. §

1915(e)(2)(B)(2).  The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  See also Hall v. Bellmon, 935 F.2d at 1109.  The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice.  Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  A pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, however, and a pro se plaintiff must abide by the applicable rules of court.  See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  See Hall v. Bellmon, 935 F.2d at 1110.  Nor may the court assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow the plaintiff an opportunity to amend the complaint.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d at 126. The opportunity to amend should be granted unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject

to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW REGARDING § 1983 AND CLAIMS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

Quintana brings his claims under 42 U.S.C. § 1983.  See Complaint at 1.  The exclusive remedy for vindication of violations of the Constitution of the United States of America is under § 1983.  See Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and violation of a constitutional right.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).   Conduct that is not connected to a constitutional violation is not actionable under § 1983.  See Trask v. Franco, 446 F.3d at 1046.

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. at 676.  The plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in the original).

The Eighth Amendment protects against the infliction of cruel-and-unusual punishments.

See U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel-and-unusual punishment encompasses prison officials' deliberate indifference. See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008)(citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 104-05. Prison doctors in their response to the prisoner's needs, or prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed, may manifest deliberate indifference. See Estelle v. Gamble, 429 U.S. at 104-05. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. See Estelle v. Gamble, 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is classified as serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. See Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005). Further, the Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. at 103. Accordingly, "deliberate indifference to a prisoner's serious illness or injury states a cause of

action under § 1983." Estelle v. Gamble, 429 U.S. at 103. For purposes of this Memorandum

Opinion, the Court treats the allegations as sufficient to establish the first prong that Quintana had

a serious medical need, because Quintana alleges he had a hypoglycemic attack, see Complaint

¶¶ (B)-(C), at 2-4; the Court concludes, therefore, that Quintana has stated a cognizable § 1983

claim under the Eighth Amendment.

Under the subjective component, the defendant must have a sufficiently culpable state of

mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). See also Self v. Crum, 439 F.3d at 1230-

31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk

of harm and disregarded that risk, by failing to take reasonable measures to abate it." Hunt v.

Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(internal citation and quotation omitted). With

regard to the subjective component, the question for consideration by the Court is "'were the

symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to

disregard it?'" Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009)(quoting Mata v. Saiz,

427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if

he knows of ways to reduce the harm, but knowingly or recklessly declines to act. See Howard v.

Waide, 534 F.3d at 1239-40. Prison officials violate the Eighth Amendment when they are

deliberately indifferent to the serious medical needs of prisoners in their custody. See Howard v.

Waide, 534 F.3d at 1239-40.

Prison officials who actually knew of a substantial risk to inmate health or safety, however,

may be found free from liability if they responded reasonably to the risk, even if the harm

ultimately was not averted. See Howard v. Waide, 534 F.3d at 1239 (quoting Farmer, 511 U.S. at

844-45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis

or treatment of a medical condition, does not constitute a medical wrong under the Eighth

Amendment.  See Estelle v. Gamble, 429 U.S. at 105-06.  Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel-and-unusual punishment.  See, e.g., Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002).  A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.  See Taylor v. Ortiz, 410 F. App'x 76, 79 (10th Cir. 2010).

## ANALYSIS

Quintana appears possibly to allege claims under 42 U.S.C. § 1983 that his rights under the Eighth Amendment to the Constitution have been violated by alleged indifference to serious medical needs.  See Complaint ¶¶ (A)-(C), at 1.  Quintana has repeatedly supplemented his allegations with supplements, appendices, letters and notices.  See Appendix/Supplement I; Notice of Order of Cease and Desist; Relief Appendix/Supplement; Appendix/Supplement II; Accountant Representative Letter; Letter I; Letter II; Letter III; Letter IV; Notice of New Relief; Appendix/Supplement III; Appendix/Supplement IV; Amendment Letter I; Amendment Letter II; Amendment Letter III.  It is no longer clear who Quintana is suing, what he alleges occurred that violated his constitutional rights, and what relief he is seeking from the Court.  The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action. See Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996); Olguin v. Atherton, 215 F.3d 1337 (10th Cir. 2000).  The Federal Rules of Procedure are designed to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007); Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989).

Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies." Mann v. Boatright, 477 F.3d at 1148.  See Ausherman v. Stump, 643 F.2d 715, 716 (10th Cir. 1981).

Moreover, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target."  Minter v. Prime Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006).  It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants.  See Minter v. Prime Equipment Co., 451 F.3d at 1206.  There comes a point when even a pro se plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants.  See Minter v. Prime Equipment Co., 451 F.3d at 1206.  Quintana's voluminous filings do not comply with the Federal Rules of Civil Procedure's requirements.  The Court will dismiss the Complaint for failure to state a claim for § 1983 relief, but it will grant Quintana leave to file a final amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and this Memorandum Opinion and Order.  See Mann v. Boatright, 477 F.3d at 1148; Ausherman v. Stump, 643 F.2d at 716; Minter v. Prime Equip. Co., 451 F.3d at 1206.

## I.      THE COMPLAINT DOES NOT STATE A CLAIM FOR § 1983 RELIEF AGAINST CENTURION LLC OR CORE CIVIC.

Quintana appears to be attempting to hold private corporations Centurion LLC and Core Civic vicariously liable for their employees' actions under 42 U.S.C. § 1983.  See generally Complaint.  Where, as in this case, a corporate entity is performing the actions typically performed by a state or municipality, like operating a prison, that corporate entity can be sued under § 1983. Richardson v. McKnight, 521 U.S. 399, 413 (1997)(leaving the determination whether the private corporation's employees acted under color of state law in violation of § 1983 to the district court)(citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982)); Smith v. Cochran, 339 F.3d

- 10 -

1205, 1215-16 (10th Cir. 2003)("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment.").

To succeed in a § 1983 action against a corporate entity, however, the plaintiff must prove that the corporate employee or agent committed a constitutional violation, and that the violation was a direct result of some policy or custom of the corporation.  See Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998); Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-95 (1978); City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)("[C]aselaw from this and other circuits has extended the Monell doctrine to private § 1983 defendants.").  In this case, the Complaint's factual allegations are insufficient to show that any employee individually engaged in conduct that violated a constitutional right.  Further, nowhere in the Complaint does Quintana contend that any Centurion LLC or Core Civic policy or custom was a direct cause or a moving force behind any violation of Quintana's civil rights.  See Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs, 151 F.3d at 1316.  The Complaint does not state a claim for § 1983 relief against Centurion or Core Civic.  See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. at 690-695.

## II.    THE COMPLAINT DOES NOT STATE A FACTUALLY PLAUSIBLE CLAIM FOR § 1983 RELIEF AGAINST DENISE.

In his Complaint, Quintana alleges that Denise denied him proper medical treatment.  See Complaint ¶¶ (B)(1), (C)(1), at 2-3.  Quintana alleges that when he had a hypoglycemic event, Denise gave him one-half of a tube of glucose, but did not "C.B.G. with the glucos[e] monitor and just left me to suffer."  Complaint ¶ (B)(1), at 2.  Quintana alleges that Denise did not follow medical procedures, but instead followed Core Civic security staff members' orders.  See

Complaint ¶ (B)(1), at 2.  Quintana alleges that Denise's actions were done with malice and callous indifference to inmates medical needs with "evil intent."  Complaint ¶¶ (B)(1)-(C)(1) at 2, 3-4; Attachment at 7.

       The Complaint's allegations do not state an Eighth Amendment claim against Denise, because the Complaint's allegations do not to establish the second, subjective prong of a medical indifference claim.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  See also Self v. Crum, 439 F.3d at 1230-31.  The Complaint's allegations do not show that Denise knew Quintana faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it or chose recklessly to disregard it.  See Martinez v. Beggs, 563 F.3d at 1089; Hunt v. Uphoff, 199 F.3d at 1224.  To the contrary, the Complaint states that Denise attempted to administer glucose to Quintana.  See Complaint ¶¶ (B)(1), at 2.  Denise's alleged actions do not demonstrate that she deliberately was indifferent to Quintana's serious medical needs.  Howard v. Waide, 534 F.3d at 1239-40.

       Further, the allegations do not show a culpable state of mind sufficient to establish deliberate indifference.  Although Quintana alleges that Denise acted with malice and evil intent, he provides no factual support for those allegations other than stating that she "did not C.B.G. with the glucose monitor and just left me to suffer," Complaint ¶ B(1), at 2; failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, however, does not constitute a medical wrong under the Eighth Amendment absent a culpable state of mind on the defendant's part.  See Estelle v. Gamble, 429 U.S. at 105-06.  A difference of opinion between Quintana and Denise as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.  See, e.g., Smart v. Villar, 547 F.2d at 114; Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d at 1222.  Quintana's allegations do not show

that Denise knew of a substantial risk to Quintana's health or safety, and deliberately or recklessly chose to ignore that risk. See Martinez v. Beggs, 563 F.3d at 1089. The Complaint does not state a factually plausible claim for § 1983 relief against Denise. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

**III.   THE COMPLAINT DOES NOT STATE A § 1983 CLAIM AGAINST JUDD.**

The Complaint names Warden Betty Judd as a Defendant, but contains no factual allegations of conduct on Judd's part. See Complaint ¶¶ (B)(1), at 2. The Complaint does not contain any factual allegations what actions Judd took or failed to take in relation to Quintana's medical care or treatment. See Complaint ¶¶ (B)(1), at 2. The Complaint does not to make clear what Judd allegedly did and is, therefore, insufficient to provide fair notice as to the basis of the claim against her. See Robbins v. Oklahoma, 519 F.3d at 1249-50. Further, even if Quintana had provided specific allegations against Judd, the facts do not show how any act or omission by Judd resulted in a violation of Quintana's constitutional rights. See West v. Atkins, 487 U.S. at 48. The Complaint fails to state a § 1983 claim against Judd. See Ashcroft v. Iqbal, 556 U.S. at 676.

**IV.   QUINTANA MAY NOT ASSERT CLAIMS FOR ALLEGED DEATHS OR INJURIES TO OTHERS AND THE COMPLAINT DOES NOT STATE A CLAIM AGAINST UNNAMED OFFICIALS OR FOR INJURIES TO OTHERS.**

Quintana is proceeding pro se in this case. Quintana's allegations include claims that the Defendants are liable for three wrongful deaths, and that deaths and injuries to inmates are in the thousands. See Complaint ¶ (C)(1)(C)(2), at 4. Section 1654 of Title 28 of United States Code guarantees a party's right to proceed pro se in a civil action in federal court. Because pro se means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause. See Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1299 (10th Cir. 2011). Instead, a person must be litigating an interest personal to him. See Adams ex rel. D.J.W. v. Astrue, 659 F.3d at 1299. In Fymbo v. State Farm Fire and Casualty Co., 213 F.3d 1320 (10th Cir. 2000), the

United States Court of Appeals for the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not other's claims because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Fymbo v. State Farm Fire and Casualty Co., 213 F.3d at 1321 (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). See 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear pro se). Quintana may not assert claims for alleged deaths or injuries to others, and his allegations do not state a claim for relief.

Quintana also mentions officials in his filings that are not identified as Defendants, such as Platero and Deming. See Attachment at 7; Notice of New Relief at 1. Quintana also names unidentified officials as Defendants, such as "medical staff" and "all security staff." Complaint ¶ (A)(3), (B)(1), at 1-2. The allegations are insufficient to identify individual officials or to show that an identified individual engaged in conduct that resulted in violation of a constitutional right. See Fogarty v. Gallegos, 523 F.3d at 1162. The Complaint does not bring a claim against these unnamed officials or for injuries to others. See Ashcroft v. Iqbal, 556 U.S. at 676.

## V.     THE COURT WILL GRANT QUINTANA LEAVE TO AMEND TO REMEDY THE DEFECTS IN HIS PLEADING.

Quintana's Complaint does not to state a sufficient claim for relief under rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Quintana an opportunity to amend to remedy the defects in his pleading. See Hall v. Bellmon, 935 F.2d at 1109. The Court cautions Quintana, however, that any claim against an individual Defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Quintana of a constitutional right. See Robbins v. Oklahoma, 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. If Quintana pursues any claims against an entity

Defendant, such as Core Civic or Centurion LLC, then he must include allegations identifying a policy or custom of Core Civic or Centurion LLC that was a direct cause or a moving force behind any violation of Quintana's civil rights.  See Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs, 151 F.3d at 1316.

The Court will grant Quintana leave to amend the Complaint to allege any claims who he believes he may have against any individual or entity defendant, consistent with the requirements of rule 11(b) of the Federal Rules of Civil Procedure and this Memorandum Opinion and Order. Quintana must file his amended complaint within thirty days of entry of this Memorandum Opinion and Order.  Failure to file an amended complaint within that time may result in this action's final dismissal without further notice.

**IT IS ORDERED** that (i) Plaintiff Patrick Quintana's Civil Rights Complaint Pursuant to 28 U.S.C. § 1983, filed March 9, 2018 (Doc. 1), is dismissed without prejudice; and (ii) Quintana is granted leave to file an amended complaint within thirty days of this Memorandum Opinion and Order's entry.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Patrick Quintana
Santa Rosa, NM

   *Plaintiff pro se*