# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICK QUINTANA,

      Plaintiff,

vs.                                                                                        No. CIV 18-0233 JB/GJF

CORE CIVIC (C.C.A.); BETTY JUDD; FNU
LNU *all of security staff*; CENTURION L.L.C.;
FNU LNU *medical staff*; FNU LNU *medical
staff*; DENISE LNU *medical staff nurse* and
FNU LNU *all staff members*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Plaintiff Patrick Quintana's Civil Rights Complaint Pursuant to 28 U.S.C. § 1983, filed March 9, 2018 (Doc. 1)("Complaint"); and (ii) its Memorandum Opinion and Order, filed November 30, 2020 (Doc. 35)("MOO"). In its MOO, the Court dismissed the Complaint without prejudice for failure to state a claim and granted Quintana leave to file an amended complaint within thirty days. See MOO at 1. Quintana has not filed an amended complaint within the time the Court permitted. The Court will therefore now dismiss the Complaint with prejudice and enter separate Final Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

When Quintana filed the Complaint, he was incarcerated at the Cibola County Correctional Facility in Grants, New Mexico. See Complaint at 1 (no paragraph numbering). The Complaint alleges: (i) "[t]here ha[ve] been many injuries to inmates by Centurion LLC Medical Staff and the record of their actions continues to grow not to mention their intentional (3) deaths from 9-20-17 to 11-18-17"; and (ii) "[a]ll of George Unit Staff along with Medical Staff are part of inmates

intentional mistreatment by not allowing the proper medical procedures and medical treatments to be provided which also helped cause (3) deaths done by both Core Civic and [Centurion] LLC Medical Staffs," Complaint ¶¶ A(2)-(3), at 1-2. In support of his individual claims, Quintana alleges that he is diabetic, that he had a hypoglycemic attack[1] in his pod, and that Nurse Denise gave him one-half of a tube of glucose, but Denise did not "C.B.G. with the glucose monitor and just left me to suffer." Complaint ¶ B(1), at 2. Quintana alleges that Denise did not follow medical procedures, but instead followed the orders of Core Civic security staff members. See Complaint ¶ B(1), at 2.

Quintana raises three counts in his Complaint:

> Count I. Medical Nurse (Denise) denied me proper medical treatment because she was order not to by Core Civic Security C.O.s Malicious & Callous indifference to inmates medical needs with "Evil intent": They all need to be charged as "persons."
> . . .
> Count II. Medical Staff was already well aware of my medical conditions/as the same with all of George Unit Staff Members/as the same with [Centurion] LLC l Medical Providers all staff members knowingly did wrong and need to be charged as "persons."
> . . .
> Count III. All Staff members here at Core Civic are liable for (3) wrongful deaths and for trying to cover these deaths up Core Civic has been under the signature of C.C.A. for the last (40) years. Their death and injuries to inmates rate in the thousands and the courts are aware of many of these cases here in New Mexico alone (Grants) with all the same "persons."

Complaint ¶¶ C(1)(A)-(C), at 3-4. In his prayer for relief, Quintana requests:

> $1,800 a day for everyday I've spent here suffering under said circumstances. I want all Core Civic Staff Members charged tried and convicted to the fullest. $5,000 from each Core Civic Member for Malice and Callouse indifference actions/or inactions. [Centurion] Medical Staff to all be charged tried and convicted with all their li[c]enses barred never to work in the medical field to

---

[1]Hypoglycemia is the medical term for low blood sugar, and severe symptoms can result in severe cases may lead to seizures and loss of consciousness. See Melissa Conrad Stöppler, MD, Hypoglycemia, MedicineNet, https://www.medicinenet.com/hypoglycemia/article.htm (last visited May 25, 2021).

hurt another human being.

Complaint ¶ E(1), at 5.  In an attachment to the Complaint, Quintana alleges that his hypoglycemic event occurred on February 28, 2018, and that, when Denise began to administer the one-half tube of glucose, Quintana became verbally and physically uncooperative and abusive.  See 2-28-18 Attachment at 7, filed March 9, 2018 (Doc 1)("Attachment").  The Attachment states that, on March 1, 2018, when Quintana returned from "Workers Reck," he was in the "pm med line" and, when he got his medications, he tried to speak to Nurse Denise and apologize for being rude during his hypoglycemic attack.  Attachment at 7.  In the Attachment, Quintana alleges that Denise told him that he is not diabetic and does not take insulin, and there was nothing wrong with him.  See Attachment at 7.  In the Attachment, Quintana alleges that Ms. Platero was on duty and was present when Denise told him there was nothing wrong with him.  See Attachment at 7.

Since the filing of his Complaint, Quintana has submitted sixteen supplements, appendices, notices, and letters.  See Appendix/Supplement, filed April 24, 2018 (Doc. 8)("Appendix/Supplement I"); Notice of Order of Cease and Desist, filed April 30, 2018 (Doc. 9), Relief Appendix/Supplement, filed May 4, 2018 (Doc. 10); Appendix/Supplement, filed May 9, 2018 (Doc. 11)("Appendix/Supplement II"); Accountant Representative Letter, filed May 21, 2018 (Doc. 12); Letter, filed May 25, 2018 (Doc. 14)("Letter I");  Letter, filed June 4, 2018 (Doc. 15) ("Letter II");  Letter, filed June 13, 2018 (Doc. 17)("Letter III"); Letter, filed June 22, 2018 (Doc. 18)("Letter IV"); Notice of New Relief, filed July 2, 2018 (Doc. 19);  Appendix/Supplement, filed August 1, 2018 (Doc. 21); Appendix/Supplement, filed August 21, 2018 (Doc. 23)("Appendix/Supplement III");  Amendment Letter, filed October 10, 2018 (Doc. 26)("Amendment Letter I"); Amendment Letter, filed October 12, 2018 (Doc. 27) ("Amendment Letter II"); Amendment Letter, filed October 26, 2018 (Doc. 28)("Amendment Letter III"); Notice

of Change of Address, filed November 16, 2018 (Doc. 30). In his subsequent filings, Quintana raises a variety of issues, including a claim that, on April 21, 2018, Platero was rude to him and, although he did get his medications, she attempted to make him leave without getting them, see Appendix/Supplement I at 1, and an allegation that a Dr. Deming is trying to wean him off of glucose and he wants his medications restarted, see Notice of New Relief at 1-2. Last, Quintana also notified the Court that he is no longer incarcerated at the Cibola County Correctional Facility, in Grants, New Mexico but, instead, is now housed at the Guadalupe County Correctional Facility, Santa Rosa, New Mexico. See Notice of Change of Address at 1. Mail sent to Quintana at the Guadalupe County Correctional Facility has been returned as undeliverable. See Mail Returned as Undeliverable, filed December 29, 2020 (Doc. 36). Department of Corrections records indicate that Quintana has been released from custody and has not provided a current address.

The Court issued its MOO and concluded:

> Quintana appears possibly to allege claims under 42 U.S.C. § 1983 that his rights under the Eighth Amendment to the Constitution have been violated by alleged indifference to serious medical needs. See Complaint ¶¶ (A)-(C), at 1. Quintana has repeatedly supplemented his allegations with supplements, appendices, letters and notices. See Appendix/Supplement I; Notice of Order of Cease and Desist; Relief Appendix/Supplement; Appendix/Supplement II; Accountant Representative Letter; Letter I; Letter II; Letter III; Letter IV; Notice of New Relief; Appendix/Supplement III; Appendix/Supplement IV; Amendment Letter I; Amendment Letter II; Amendment Letter III. It is no longer clear who Quintana is suing, what he alleges occurred that violated his constitutional rights, and what relief he is seeking from the Court. The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action. See Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996); Olguin v. Atherton, 215 F.3d 1337 (10th Cir. 2000). The Federal Rules of Procedure are designed to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007); Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies." Mann v. Boatright, 477 F.3d at 1148. See Ausherman v. Stump, 643 F.2d 715, 716 (10th Cir. 1981).
>
> Moreover, a plaintiff may not seek to amend a complaint in a manner that

turns the complaint into a "moving target." Minter v. Prime Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006). It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. See Minter v. Prime Equipment Co., 451 F.3d at 1206. There comes a point when even a pro se plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. See Minter v. Prime Equipment Co., 451 F.3d at 1206. Quintana's voluminous filings do not comply with the Federal Rules of Civil Procedure's requirements. The Court will dismiss the Complaint for failure to state a claim for § 1983 relief, but it will grant Quintana leave to file a final amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and this Memorandum Opinion and Order. See Mann v. Boatright, 477 F.3d at 1148; Ausherman v. Stump, 643 F.2d at 716; Minter v. Prime Equip. Co., 451 F.3d at 1206.

MOO at 9-10.

## ANALYSIS

In its MOO, the Court (i) dismissed Quintana's Complaint without prejudice; and (ii) granted Quintana leave to file an amended complaint within thirty days of the MOO's entry and advised him that failure to file an amended complaint would result in final dismissal of this proceeding. See MOO at 14-15. The deadline for Quintana to amend has passed and Quintana has not filed an amended complaint or communicated with the Court. Mail sent to Quintana at the Guadalupe County Correctional Facility has been returned as undeliverable. See Mail Returned as Undeliverable, filed December 29, 2020 (Doc. 36). Department of Corrections records indicate that Quintana has been released from custody and has not provided a current address. The Court will therefore dismiss Quintana's Complaint with prejudice and enter final judgment.

**IT IS ORDERED** that: (i) Plaintiff Patrick Quintana's Civil Rights Complaint Pursuant to 28 U.S.C. § 1983, filed March 9, 2018 (Doc. 1), is dismissed with prejudice; and (ii) the Court will enter Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Patrick Quintana
Santa Rosa, NM

> *Plaintiff pro se*